**CITY OF SAN BENITO et al. v. HAYS & SONS.  (No. 8183.)**

Court of Civil Appeals of Texas.  San Antonio. March 13, 1929.

A. L. Montgomery, of San Benito, for appellants.

H. B. Galbraith, of Brownsville, for appellees.

FLY, C. J.  This suit was instituted by J. H. Hays, H. H. Hays, and E. H. Hays, engaged in the plumbing business under the partnership name of Hays & Sons, against the city of San Benito, F. L. Gay, Fred Christenson, Bruce Gentry, E. W. Protho, and I. A. Tedder, as members of the plumbing examiners of San Benito, for damages inflicted upon the business of appellees by the unjust, unfair, and arbitrary manner in which appellants have interfered with and hindered appellees in the prosecution of their vocation of plumbing.  It was alleged that appellees were expert and skilled plumbers, employing men of like ability and character; that about the 1st of June, 1928, appellants required the workmen in the plumbing business to stand an examination, and, in compliance with the order, appellees sent a journeyman plumber named Ed. Warren before the board of examiners, and he was granted a license to do plumbing work within the limits of said city; that again, on or about August 18, 1928, the board of examiners demanded that Warren be subjected to another examination, and willfully and maliciously refused to allow said Warren to engage in his work for appellees.  It was alleged that two members of the board had a pecuniary interest in the matter, being competitors in the plumbing business with appellees, and exercised and showed prejudice and unfairness towards the workmen of appellees at the same time that they favored their own workmen; that said examinations and refusal to license their workmen had caused the people of San Benito to doubt the efficiency of appellees in their plumbing in their houses.  Appellees prayed for a writ of injunction restraining appellants from preventing said Warren from engaging in laboring as a plumber in San Benito, and compelling them to issue him a license.  Judge Hood Boone, of Hidalgo county, in the absence of the judge of the one hundred third judicial district, in which the suit was brought, issued a temporary writ of injunction to remain in effect until the cause was acted on in the district named.  The cause was tried on its merits, and appellants were required to issue licenses to Hays & Sons as master plumbers and to said Warren as a journeyman plumber, and they were permanently enjoined from interfering with appellees in their vocation.

The evidence clearly showed that Ed. Warren, an employé of appellees, was fully qualified in plumbing, and had worked at his calling in San Benito for 18 months or 2 years, and all his work had passed the inspection of the city inspector, and none of the customers for whom he worked had ever complained of any of his plumbing.  When examined for a license in August, 1928, there were present only three of the five examiners, and, by a vote of two to one, the license was refused.  The inspector, Vetter, was the member of the board of examiners who pro-

tested the action of Gay and Christenson in refusing the license. When the other two members of the board returned, they concurred in the decision of the inspector that Warren should have been licensed, but no license was issued. The license was arbitrarily refused by Gay, a plumber, and his employé, Christenson. It is significant that the city engineer, the city health officer, and the city plumbing inspector, members of the board, held that Warren had passed and should have a license, and only Gay and his journeyman plumber voted against him. The engineer became so disgusted that he left the meeting. Hays & Sons had Warren working on jobs which he alone could properly complete when the license was refused. Warren, it was clearly proved, answered correctly every question propounded to him by the board of examiners. The testimony of E. H. Hays showed that Warren worked on jobs of plumbing without supervision, and he swore that at the time Warren was denied a license he "had lots under way that he had started and it would cost me lots of money to have another man to pick and it takes a long time to get him started." Warren was working on the citrus fruit exchange, a $50,-000 building. It was a 50-day job, and Warren could do as much work in one day as the average plumber could in 3 days. Appellees would have been penalized $50 for every day over 50 days. Warren's services were absolutely necessary to prevent appellees from losing a large sum of money.

■ The first, second, and third propositions are overruled. The facts show that Warren had answered all the questions correctly, and that the license was arbitrarily and unfairly denied him. His interests were so intermingled with those of his employers, and he was so absolutely necessary to them in the prosecution of their work, that a refusal of the license worked greatly to their damage, and they in their own interest had the right to apply to a court to compel the granting of the license. The evidence showed affirmatively that appellees could not employ another plumber who could do the work of Warren as he could. The appellees had all the necessary licenses to engage in plumbing in San Benito, and were so recognized by the board of examiners and city authorities. The contention that Warren did not pay the fee for his license seems without force, in view of the fact that the board of examiners refused the license. While the license is granted for only one year, it will be renewed from time to time on application. No discretion is devolved upon the board for renewals, but they must be issued upon application. The court did not command any one to issue a permanent license to Warren or any one else. It is the boast of the citizens of this great Republic that this is a land of equal opportunity for all classes and con-

ditions of men, and that every man is guaranteed the right to prosecute unhindered the vocation he follows to obtain a livelihood. It is far better to encourage and protect men in laboring to obtain the necessaries of life than to arbitrarily and tyrannically place unnecessary obstructions in their way, when they are seeking an honest livelihood, and to oppress them and drive them into crime. This is a time in our history when high standards of living are fixed, and the high price of the necessaries as well as the luxuries of life have become more burdensome than ever before, and, rather than throw obstacles in the pathway of any citizen desiring to earn an honest livelihood, he should be encouraged and have the door of opportunity thrown wide open to him. In this case appellees have done everything the law has required at their hands, and their competitors, placed in places of power, should not be permitted to exercise that power in an arbitrary or corrupt manner. Not only have the competitors of appellees on the examining board, in the face of a majority of the board approving the examination of Warren, denied the license, but in the face of the command of the city commission no license was issued, and the city marshal notified appellees that Warren would not be permitted to work. To cause these high-handed, unwarranted measures to cease, and to extend to appellees the right to pursue their vocation under the law, the district court was appealed to and gave relief.

The judgment is affirmed.